IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEE ANN SIFUENTES, ELISSA MONTGOMERY, SHARA GRUBBS, AND SAMANTHA STEWART Individually and On Behalf of All Others Similarly Situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BREMA INVESTMENTS, LLC, d/b/a GRISWOLD HOMECARE, and BRENDA GROSS,<br><br>    *Defendants*. | CIVIL ACTION NO.: _____<br><br>**JURY DEMANDED**<br><br>**COLLECTIVE ACTION** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

LEE ANN SIFUENTES, ELISSA MONTGOMERY, SHARA GRUBBS, and SAMANTHA STEWART ("Plaintiffs"), individually and on behalf of all others similarly situated, file this lawsuit as a collective action against BREMA INVESTMENTS, LLC d/b/a GRISWOLD HOMECARE and BRENDA GROSS ("Defendants") to recover back pay, unpaid overtime wages, lost wages, liquidated damages, interest, costs, and attorney's fees, and for cause of action would show the following:

### I. NATURE OF CLAIMS

1.    This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") to correct unlawful employment practices, including Defendants' failure to abide by

wage and hour laws. This collective action seeks to recover back pay, unpaid overtime wages, lost wages, liquidated damages, and other damages owed by Defendants to their current and former employees.

## II. JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendants and the Plaintiffs transacted business within this judicial district and the events or omissions giving rise to this Complaint occurred in this district.

## III. THE PARTIES

4. Plaintiff Lee Ann Sifuentes (hereinafter "Ms. Sifuentes") is an individual residing in Harris County, Texas. Ms. Sifuentes is a former employee of Defendants. Plaintiff brings her federal back pay and overtime claims on her own behalf and on behalf of all others similarly situated to file with this Court their consent to sue. Ms. Sifuente's notice of consent to join this collective action is attached hereto as Exhibit "A" and is incorporated herein.

5. Plaintiff Elissa Montgomery (hereinafter "Ms. Montgomery") is an individual residing in Harris County, Texas. Ms. Montgomery is a current employee of Defendants. Plaintiff brings her federal back pay and overtime claims on her own behalf and on behalf of all others similarly situated to file with this Court their consent to sue. Ms. Montgomery's notice of consent to join this collective action is attached hereto as Exhibit "B" and is incorporated herein.

6. Plaintiff Shara Grubbs (hereinafter "Ms. Grubbs") is an individual residing in Harris County, Texas. Ms. Grubbs is a former employee of Defendants. Plaintiff brings her federal back pay and overtime claims on her own behalf and on behalf of all others similarly situated to file

with this Court their consent to sue. Ms. Grubbs' notice of consent to join this collective action is attached hereto as Exhibit "C" and is incorporated herein.

7. Plaintiff Samantha Stewart (hereinafter "Ms. Stewart") is an individual residing in Brazoria County, Texas. Ms. Stewart is a current employee of Defendants. Plaintiff brings her federal back pay and overtime claims on her own behalf and on behalf of all others similarly situated to file with this Court their consent to sue. Ms. Stewart's notice of consent to join this collective action is attached hereto as Exhibit "D" and is incorporated herein.

8. Defendant Brema Investments, LLC d/b/a Griswold Homecare (hereinafter "Griswold") is a company providing a variety of home care, elder care, and personal care services in Houston, Texas and may be served with process through its registered agent Vice President/Secretary Brenda Lori Gross, 2504 Rockygate Ln, Friendswood, TX 77546.

9. Defendant Brenda Gross (hereinafter "Gross") is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, Brema Investments, LLC, in relationship to Plaintiffs; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant Brenda Gross (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, is a statutory employer under the FLSA.

## IV. FACTS

11. At all times relevant to this lawsuit, Defendant Griswold was, and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

12. Defendant Griswold is a Houston, Texas headquartered services company.

13. Defendant Griswold's annual revenues exceeded $500,000 in each of the last five years.

14. Defendants Griswold and Gross employed Plaintiffs and other similarly situated employees at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

15. In performing their duties for Defendants, Plaintiffs and other similarly situated employees were engaged in commerce or in the production of goods for commerce.

16. Plaintiffs and other similarly situated employees were employed in an enterprise engaged in commerce or in the production of goods for commerce.

17. Plaintiff Grubbs was employed as a caregiver, Plaintiff Sifuentes was employed as a scheduling coordinator, Plaintiff Montgomery continues to be employed as a caregiver, and Plaintiff Stewart continues to be employed as a Certified Nursing Assistant (CNA). Plaintiffs did not have any formal training. Plaintiffs did not have the authority to hire or fire other employees and did not manage the enterprise, or manage a customarily recognized department or subdivision of the enterprise. Plaintiffs did not direct the work of any other full-time employee. Plaintiffs and other similarly situated employees were engaged in nonexempt hourly work.

18. Plaintiffs customarily and regularly worked many hours in excess of forty (40) hours per each workweek.

19. Upon information and belief, other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiffs.

20. The work performed by Plaintiffs and other similarly situated employees was within Defendants' knowledge and control. Defendants set Plaintiffs' and similarly situated employees' schedules, assigned work, and supervised their work.

21. The FLSA requires employers to keep accurate records of hours worked by nonexempt

employees. 29 U.S.C. §211(c); 29 C.F.R. pt. 516.

22. Plaintiffs and similarly situated employees were entitled to overtime at one-and-a-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek. Defendants did not pay Plaintiffs and similarly situated employees one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per week.

23. Defendants failed to pay overtime when they illegally modified contractual agreements to make it appear as though they were paying overtime when they were not, and when they misclassified Plaintiffs as exempt. Plaintiffs know other similarly situated employees who were robbed of time worked in the same way.

24. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' and other similarly situated employees' rights.

25. As a result of Defendants' willful violations of the FLSA, Plaintiffs and other similarly situated employees are entitled to reimbursement of back pay, unpaid overtime, lost wages, an additional equal amount as liquidated damages, and reasonable attorney's fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## V. FIRST CAUSES OF ACTION: OVERTIME VIOLATIONS

26. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

27. Plaintiffs and other similarly situated employees were engaged in nonexempt hourly work, as set forth above.

28. As non-exempt employees, Plaintiffs and other similarly situated employees were legally entitled to be paid one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each workweek.

29. Defendants failed to pay Plaintiffs and other similarly situated employees at one-and-one-

half times their regular rates of pay for hours worked in excess of forty (40) hours per each workweek without legal excuse and in violation of FLSA 29 U.S.C. § 207.

30. Defendants' violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). As described above, Defendants required and encouraged Plaintiffs and other similarly situated employees to sign contracts that illegally kept Defendants from having to pay overtime, by changing hourly rates and making it appear as though Defendants were paying overtime when they were not.

31. As a result of Defendants' willful violations of the FLSA, Plaintiffs and other similarly situated employees are entitled to reimbursement of back pay, unpaid overtime, lost wages, an additional equal amount as liquidated damages, and reasonable attorney's fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI. SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

32. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

33. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 416.

34. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

## VII. COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

36. Upon information and belief, many other similarly situated employees employed by Defendants over the last three (3) years have been victimized by Defendants' violations of the FLSA.

37. As set forth above, Plaintiffs are aware of other employees who perform similar work for

Defendants.

38. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b). The class is properly identified as:

> All employees engaged in nonexempt hourly work who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants.

39. Defendants' practice of not paying employees similarly situated to Plaintiffs at one-and-one-half times the regular pay for all hours worked in excess of forty (40) hours per workweek is in direct violation of the FLSA.

40. As a result of Defendants' willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of back pay, unpaid overtime, lost wages, an additional equal amount as liquidated damages, and reasonable attorney's fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216 (b).

## VIII. AMOUNT DUE NOT KNOWN

41. The records concerning the number of excess hours worked by each Plaintiff and the compensation they received are in the exclusive possession and control of the Defendants, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Plaintiffs propose to obtain such information by appropriate discovery proceedings to be taken in this cause, and Plaintiffs will then seek leave to amend their complaint accordingly.

## IX. JURY DEMAND

42. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submits the jury fee.

## X. PRAYER

43. For the reasons set forth above, Plaintiffs respectfully pray that the Defendants be cited to

appear and answer herein, and for the following relief:

a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and direct notice to any and all similarly situated employees;

b. judgment awarding Plaintiffs and similarly situated employees all back pay, unpaid overtime wages, lost wages, liquidated damages, attorney's fees and costs under the FLSA;

c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. all such other and further relief to which Plaintiffs and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,
TB Robinson Law Group, PLLC

_/s/ T. B. R._

Terrence B. Robinson
Fed. Bar No. 14218
Texas Bar No. 17112900
Email: TRobinson@TBRobinsonlaw.com
Laura A. Hernández
Fed. Bar No. 24100107
Texas Bar No. 2935637
Email: LHernandez@TBRobinsonlaw.com
1616 S. Voss Rd., Suite 870
Houston, Texas 77057
Phone: (713) 568-1723
Facsimile: (713) 965-4288
**ATTORNEYS FOR PLAINTIFFS**
