IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEE ANN SIFUENTES, ELISSA MONTGOMERY, SHARA GRUBBS, And SAMANTHA STEWART, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiffs, <br><br> V. <br><br> BREMA INVESTMENTS, LLC d/b/a GRISWOLD HOMECARE and BRENDA GROSS, <br><br> Defendants. | CIVIL ACTION NO. H-17-1742 |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Defendants' Status Report/Supplemental Briefing Regarding Motion to Dismiss and Compel Arbitration and First Supplement (Document No. 32) and the Plaintiff's Status Report/Supplement Briefing (Document No. 31) with respect to the Defendants' original Motion and supplemental Motion to Dismiss and Compel Arbitration (Document Nos. 9 &18). In that motion, Defendants, relying on the terms of an employment agreement as well as an arbitration agreement in appendix A of such an agreement, seek to compel Plaintiffs Alissa Montgomery, Shara Grubbs, and Samantha Stewart, in addition to Opt-in Plaintiffs Jeremy Joiner and Tracy Sanchez, to arbitrate their individual claims at issue in this Fair Labor Standards Act ("FLSA") case.

Having considered the motion, the response and additional briefing, Plaintiffs' claims and allegations, and the applicable law, including the Supreme Court's recent decision in *Epic Systems*, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that

1

Defendants' Motion and Supplemental Motion to Dismiss and Compel Arbitration (Document Nos. 9 & 18) be GRANTED.

I. **Background and Procedural History**

This is an employment dispute to recover alleged unpaid overtime compensation from the Defendants under the FLSA. The case was initially filed in the United States District Court for the Southern District of Texas on June 8, 2017 on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) (Document No. 1). Defendants Brema Investments, LLC filed a Motion to Dismiss and Compel Arbitration (Document No. 9), arguing that arbitration of Plaintiffs' claims was required based on the arbitration provisions in the caregiver agreement signed by each Plaintiff named in this case.[1] Plaintiffs filed a Response to that motion (Document No. 11), arguing that the class/collective action waiver provision in their employment agreement, Section 4(e), violated Section 7 of the National Labor Relations Act ("NLRA"), and was inconsistent with the purpose of the Federal Arbitration Act ("FAA"). Plaintiffs also asked that a ruling on Defendants' motion be stayed pending the Supreme Court's decision in *Epic Systems*.

On May 21, 108, the Supreme Court ruled in *Epic Systems* that class/collective action waivers are valid, enforceable, and do not violate the NLRA. In Status Reports filed by both sides following the Supreme Court's decision in *Epic Systems*, it now appears uncontested by Plaintiff(s) that Plaintiffs' claims are subject to the arbitration agreements they signed and that such arbitration of their FLSA claims is to be on an individual, as opposed to a class or collective, basis. The only dispute as between the parties based on their positions in their respective Status Reports (Document Nos. 31 & 32) is whether the fee provisions in their

---

[1] Sifuentes was originally named in the suit, however, her claims were subsequently dismissed with prejudice on May 9, 2018 (Document No. 29).

respective caregiver agreements are severable: Plaintiffs argue that they are and that the Defendants should pay all costs; Defendants argue that they are not.

### I.     Discussion

Defendants argue in their Motion and Supplemental Motion to Dismiss and Compel Arbitration (Document Nos. 9 & 18) that the Plaintiffs' claims are subject to final, binding arbitration and that their claims should be compelled to arbitration on an individual basis, not as a collective action. Following the Supreme Court's decision in *Epic Systems,* Plaintiffs no longer argue that the arbitration provision in their respective caregiver agreements is unenforceable. Instead, Plaintiffs' sole argument following *Epic Systems* is that the fee splitting part of the arbitration provision should be severed because it imposes prohibitive arbitration costs on the Plaintiffs, and Defendants should be ordered to pay all the costs of the arbitration.

The Court has long favored the enforcement of arbitration agreements. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011). The FAA generally requires courts to enforce the terms of an arbitration agreement unless "grounds existing in law," or "general contract defenses such as fraud, duress and unconscionability" renders the terms unenforceable. *Epic Sys. Corp. v. Lewis*, 200 L. Ed. 2d 889, 2018 WL 2292444, at *5 (2018) (reaffirming that "the saving clause does not save defenses that target arbitration either by name or by more subtle methods, such as by 'interfer[ing] with fundamental attributes of arbitration'" (quoting *Concepcion*, 563 U.S. at 334)). In the Fifth Circuit, class and collective action waivers, including arbitration agreements in employment agreements, do not violate the NLRA. *Convergys Corp. v. NLRB*, 866 F.3d 635 (5th Cir. 2017) (reaffirming that Section 7 of the NLRA is a procedural right and does not guarantee a right to participate in class or collective actions); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2013) (holding that an arbitration agreement that prohibited an employee from

3

pursuing claims collectively did not violate the NLRA and must be enforced); *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294 (5th Cir. 2004) (holding that the Court can compel arbitration even where the arbitration agreement effectively precluded the ability to proceed collectively). In *Epic Systems*, the Supreme Court agreed with the position that the Fifth Circuit has taken, holding, definitively, that class/collective action waivers within employment contracts are valid and enforceable.

Based on the Supreme Court's ruling in *Epic Systems,* as well as Plaintiffs' effective abandonment of any argument that the arbitration provisions in their Caretaker agreements are not enforceable, Defendants' Motion and Supplemental Motion to Dismiss and Compel Arbitration (Document Nos. 9 & 18) should be GRANTED.

As for the new argument raised by Plaintiffs in their Status Report -- that the fee splitting provision in Section 4(g) of the caretaker agreement (Document No. 31-1 at 4) should be severed and Defendants required to pay all the costs associated with their individual arbitration(s) of their individual FLSA claims – that argument is both untimely and not supported by the type of evidence required to support a severance of a fee splitting provision.

Potentially prohibitive arbitration costs may serve as a barrier to an employee's ability to bring statutory claims and vindicate their rights. *Green Tree Fn. Corp.-Ala. v. Randolph*, 531 U.S. 79, 121 S.Ct. 512, L.Ed.2d 373 (2000). But, in order for an arbitration clause or a fee-splitting provision to be found unconscionable, the party opposing the enforcement of an arbitration provision has the burden to show "the likelihood of incurring [prohibitive] costs," or that arbitration is not sufficient for the claims at hand. *Green Tree Fn. Corp.-Ala.*, 531 U.S. at 91. This burden requires "some individualized evidence that they likely will face prohibitive costs in the arbitration at issue and that they are financially incapable of meeting those costs."

*Bell v. Koch Foods of Miss., LLC*, 358 Fed. Appx. 498 (5th Cir. 2009) (quoting *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 300 (5th Cir. 2004)); *Green Tree Fn. Corp.-Ala. v. Randolph*, 531 U.S. 79, 121 S. Ct. 512, L.Ed.2d 373 (2000).

Here, Plaintiffs point to Section 4(g) of the Caretaker Agreement (Document No. 31-1 at 4), which provides that "fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the arbitrator." According to Plaintiffs, this provision may hamper the Plaintiffs' ability to bring their claims if the Defendants only have to pay the arbitration costs if required by "applicable law." While courts recognize the possibility of severing fee-splitting provisions as a practical matter- courts rarely do so, it is not because of the evidentiary burden. Plaintiffs in this case have not shown a likelihood of incurring prohibitive costs during arbitration, and have not demonstrated, on an individual basis, their inability to afford the anticipated costs of arbitration. In the absence of such evidence, Section 4(g) of Plaintiffs' respective Caretaker Agreements should be enforced as written.

In addition, as argued by Defendants, Plaintiffs' arguments about the fee splitting provision in Section 4(g) are untimely, having been raised for the first time in a "Status Report" that was only to have addressed the effect of the *Epic Systems* decision. Additionally, the Plaintiffs bring a new claim that the fee-splitting provision should be severed from the existing caretaker agreement and that the costs of arbitration are to be paid by the Defendants. As this Court does not usually consider arguments raised for the first time in a reply brief, the Court finds the Plaintiffs' new arguments untimely. *See Oldham v. Thompson/Center Arms Co., Inc.*, Civ. No. H-12-2432, 2013 U.S. Dist. LEXIS 111709, 2013 WL 4042010, at *21 (S.D. Tex. Aug. 8, 2013)(reaffirming that "A court generally will not consider arguments raised for the first time

5

in a reply brief."); *Pa. Gen. Ins. Co. v. Story*, No. Civ. A.3:03CV0330-G, 2003 U.S. Dist. LEXIS 9923, 2003 WL 21435511, at *1 (N.D. Tex. 2003).

## II. Conclusion and Recommendation

Based on the foregoing, and the conclusion that the arbitration provisions in the employment agreements at issue are valid and enforceable, the Magistrate Judge

RECOMMENDS that Defendants' Motion and Supplemental Motion to Dismiss and Compel Arbitration (Document Nos. 9 & 18) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 27th day of June, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE